UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMUEL JONES, | Case No. 2:14-CV-1354 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NYE COUNTY, et al., | |
| Defendant(s). | |

Presently before the court is Nye County Deputy Sheriff Mark Murphy and Deputy Sheriff Crystal Baraja's motion for summary judgment. (Doc. #56). Plaintiff Samuel Jones filed a response (doc. #57), and defendants filed a reply (doc. #58).

**I.   Background**

The facts of this case are familiar to the courts and the parties. Defendants responded to a domestic violence call at plaintiff's son's trailer. (Doc. #56). The dispute was between plaintiff's son, Earl, and Earl's girlfriend, Darla. (*Id.*).

Plaintiff recorded with his handheld video camera the interactions between Earl and Darla before the sheriffs arrived. (Doc. #56, Exh. A). Defendant Murphy arrived first at Earl's trailer. (*Id.*). Defendant Murphy instructed plaintiff to stop using the video camera, but plaintiff did not cease filming. (*Id.*). Defendant Murphy advised that he was entering the trailer to conduct a domestic violence investigation; Earl proceeded to show defendant Murphy around the trailer. (*Id.*).

As Defendant Murphy attempted to detain Earl, plaintiff moved closer and said that he was "not arresting nobody." (*Id.*) Plaintiff reached with his right hand to retrieve his pocket constitution

James C. Mahan
U.S. District Judge

1  which was located in his right rear back pocket of his pants. (*Id.*) However, plaintiff was also
2  armed with a firearm located on his right-hand side at his waist. (*Id.*)
3      Defendant Barajas arrived on scene and entered the trailer. (Doc. #56). Defendants
4  Murphy and Barajas repeatedly instructed plaintiff to stop filming and to disarm. (Doc. #56).
5  Plaintiff refused to cease filming and also refused to disarm. (Doc. #56). Defendant Murphy then
6  pulled his gun and told plaintiff "don't go for that gun, don't go for that gun." (Doc. #56, Exh. A).
7  Defendants observed the plaintiff reach and pull his firearm from the holster. (Doc. #56, Exh. B).
8  Plaintiff was subsequently tased and arrested. (Doc. #56).
9      The government charged plaintiff with assault with a deadly weapon upon a police officer
10 (two counts), resisting arrest, obstructing a police officer, intimidating a police officer, and
11 domestic violence. (Doc. #1 at 9). In September 2012, plaintiff proceeded to trial on the felony
12 charge of resisting a public officer with the use of a deadly weapon. (Doc. #1 at 9). The jury
13 acquitted him of this charge. (Doc. #1 at 9).
14     Plaintiff filed this complaint, asserting numerous causes of action under 42 U.S.C. § 1983
15 and various state law claims. Defendant moved for partial dismissal of plaintiff's complaint, which
16 this court granted. (Doc. #54). Defendants now seek summary judgment on plaintiff's lone
17 remaining claim for false arrest brought under 42 U.S.C. § 1983.

18 **II.   Legal Standard**

19     The Federal Rules of Civil Procedure provide for summary judgment when the pleadings,
20 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
21 show that "there is no genuine dispute as to any material fact and the movant is entitled to a
22 judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is
23 "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317,
24 323-24 (1986).
25     In determining summary judgment, a court applies a burden-shifting analysis. "When the
26 party moving for summary judgment would bear the burden of proof at trial, it must come forward
27 with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at
28 trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**III.  Discussion**

Plaintiff's claim for false arrest is "cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of S.F.,* 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano,* 361 F.3d 494, 505 (9th Cir. 2004) (quoting *United States v. Bishop,* 264 F.3d 919, 924 (9th Cir. 2001)) (internal quotation marks omitted); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 918 (9th Cir. 2012). However, "An arrest made with probable cause is privileged and not actionable." *Nelson v. City of Las Vegas*, 99 Nev. 548, 552 (1983).

Defendants assert that plaintiff's claim for false arrest is barred by the doctrine of collateral estoppel because probable cause was already established at plaintiff's preliminary hearing. The

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Ninth Circuit has held that a probable cause determination at a preliminary hearing bars relitigation
2    of the issue in a § 1983 case alleging Fourth Amendment violations. *See Haupt v. Dillard*, 17 F.3d
3    285, 289 (finding probable cause determination sufficiently conclusive and necessary to preclude
4    relitigation). When such a determination is made, it is "a final, conclusive determination of the
5    issue," meaning a litigant is estopped from raising the issue in a subsequent proceeding so long as
6    "the parties in the two proceedings were the same or in privity." *Id.* at 288 (citing *Marine Bank v.*
7    *Monroe*, 756 P.2d 1193, 1194 (Nev. 1988)).

        Plaintiff's false arrest claim fails as a matter of law. Plaintiff concedes that his probable cause argument was vigorously pursued in his preliminary hearing in the Fifth Judicial District Court. (Doc. #56, Exh. A). During the hearing, plaintiff's attorney cross-examined all of the government's witnesses and, at the close of evidence, argued that there was insufficient evidence presented that the plaintiff committed the offense of resisting a public officer with the use of a firearm. (Doc. #56, Exh. B). The court reviewed the facts and circumstances in existence at the time of the arrest and found that the officers had probable cause to make an arrest for resisting a public officer with the use of a deadly weapon. (*Id.*).

        Although "[p]robable cause to continue a prosecution may disappear with the discovery of new exculpatory evidence after a preliminary hearing," the evidence provided in plaintiff's response "hardly amounts to significant. . . new evidence" that would obviate the probable cause on which his arrest was based. *Haupt*, 17 F.3d at 290 n. 5 (1994). While plaintiff argues that his video shows that the defendants lied under oath, he fails to cite to any facts or evidence in the video or the record that might bolster his claim. Furthermore, as defendants note, plaintiff was holding the video camera; consequently, his actions are not recorded.

        Because plaintiff's arrest was based on probable cause, which was later confirmed at his preliminary hearing, plaintiff is estopped from relitigating the issue of probable cause in this case. Accordingly, defendants are immune from suit on charge that they violated plaintiff's rights under the Fourth Amendment.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDED, AND DECREED that defendants' motion for summary judgment (doc. #56) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED March 28, 2016.

                                             /s/ James C. Mahan
                                             UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -