1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SAMUEL JONES,

                        Plaintiff(s),

        v.

NYE COUNTY, et al.,

                        Defendant(s).

Case No. 2:14-CV-1354 JCM (PAL)

ORDER

        Presently before the court is defendants Crystal Barajas and Mark Murphy's motion for attorneys' fees.[1]  (ECF No. 62).  Plaintiff Samuel Jones did not file a response.

**I.        Introduction**

        On August 20, 2014, plaintiff filed a complaint asserting eight claims for relief against Nye County and various individual defendants under 42 U.S.C. 1983, alleging that they violated his constitutional rights and state law.  (ECF No. 1).  According to the complaint, on May 7, 2011, the girlfriend of plaintiff's son called the Nye County Sheriff's office to report a domestic violence incident.  (*Id.*).  The complaint indicates that sheriff deputies arrived at plaintiff's trailer, entered the dwelling, ordered plaintiff to remove his sidearm, employed a Taser to subdue him when he did not comply, and plaintiff was placed into custody after receiving medical care for the Taser use.  (*Id.*).  Plaintiff asserts that he was acquitted after a jury trial of felony resisting a public officer with use of a deadly weapon.  (*Id.*).

        On April 20, 2015, this court granted a motion for partial dismissal, which disposed of all claims but a Fourth Amendment false arrest claim against Barajas and Murphy.  (ECF No. 54 at

_____

        [1]  Defendants are Nye County deputy sheriffs.

**James C. Mahan**
**U.S. District Judge**

12). On March 28, 2016, this court granted defendants' motion for summary judgment, which resolved the remaining issue and ordered the case closed. (ECF No. 59). Barajas and Murphy filed the instant motion two days later. (ECF No. 62).

## II.    Legal Standard

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorneys' fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof.

Title 42 U.S.C. § 1988(b) authorizes a court to exercise its discretion whether to allow a prevailing party in a 42 U.S.C. § 1983 case "a reasonable attorney's fee as part of the costs." Additionally, a district court may use its discretion to include expert fees as part of the attorneys' fee award. 42 U.S.C. § 1988(c).

Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id.* "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34. Thus, the "court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Bus. Factors, Inc.*, 897 F. Supp. 458, 460–61 (D. Nev. 1995). After calculating the lodestar amount, the court can further adjust the lodestar calculation by considering the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016).

## III.    Discussion

### a.    Whether attorneys' fees are appropriate

"[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to

James C. Mahan
U.S. District Judge

- 2 -

litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978).

This court dismissed all of plaintiff's claims except for his false arrest claim in its April 20, 2015, order. (ECF No. 54). In that order, this court noted a lack of citation to case law in plaintiff's response to the relevant motion to dismiss aside from those citations discussing the motion to dismiss standard. (*Id.*).

Regarding plaintiff's individual claims against Barajas and Murphy, plaintiff's first, seventh, and eighth claims were dismissed as time barred, his second claim was dismissed pursuant to Local Rule 7-2(d) for a lack of response to the motion to dismiss and insufficient alleged facts, his fourth claim was dismissed "as redundant," his fifth claim alleged "no conduct that would constitute a due process violation," and his sixth claim either lacked foundation in Nevada law for his stated cause of action or was redundant. (*Id.* at 7–12).

Further, plaintiff's individual and official capacity claims against the Nye County commissioners and Nye County Sheriff Tony Demeo were also dismissed as redundant. (*Id.*). Finally, plaintiff's *Monell* and failure to train claims were dismissed because he "alleged no specific facts to support his assertion." (ECF No. 54 at 5).

Although defendants conceded that plaintiff's claim of unlawful seizure had managed to surmount the Rule 12(b)(6) standard for dismissal, this court noted in its order for summary judgment that:

> Plaintiff concedes that his probable cause argument was vigorously pursued in his preliminary hearing in the Fifth Judicial District Court. During the hearing, plaintiff's attorney cross-examined all of the government's witnesses and, at the close of evidence, argued that there was insufficient evidence presented that the plaintiff committed the offense of resisting a public officer with the use of a firearm. Th[at] court reviewed the facts and circumstances in existence at the time of the arrest and found that the officers had probable cause to make an arrest for resisting a public officer with the use of a deadly weapon.

(ECF No. 59 at 4) (citations omitted). Thus, this court noted, "plaintiff is estopped from relitigating the issue of probable cause in this case." (*Id.*).

Therefore, this court finds that, either initially or eventually, plaintiff's claims were apparently "frivolous, unreasonable . . . groundless," or a combination thereof. *Christiansburg Garment Co.*, 434 U.S. at 422 (1978). Accordingly, attorneys' fees are appropriate in this matter, pursuant to 42 U.S.C. § 1988.

James C. Mahan
U.S. District Judge

- 3 -

*b.  Fees calculation*

Here, "[d]efendants request that the court enter an order awarding the [d]efendants their fees incurred in this suit amounting to $21,324.50 pursuant to 42 U.S.C. § 1988." (ECF No. 62 at 6). Defendants assert that their counsel spent 137.70 hours on the case, charging a partner hourly rate of $150.00 and an associate hourly rate of $125.00. (*Id.* at 4).

Upon review of the billing statement, it is plain that a substantial number of those entries include time spent exclusively servicing defendants other than Barajas and Murphy, who bring the present motion. *See* (*id.* at 10–18). For example, the December 15, 2014, billing entry for "[t]elephone conference and email to Donna Cox regarding status of case" adds $62.50 to the statement's total fee calculation of $21,324.50—the sum requested by the motion. (*Id.* at 2, 11, 17).

Therefore, it is clear that the sum requested includes charges done on behalf of other clients, not just Barajas and Murphy. *See Hensley*, 461 U.S. at 428 (instructing that district courts must "consider the relationship between the extent of success and the amount of the fee award"); *see also Friend v. Kolodzieczak*, 72 F.3d 1386, 1390 (9th Cir. 1995). Indeed, the original eleven defendants exited this case at different times and by different means. *See* (ECF Nos. 39, 54, 59).

Accordingly, the court will exercise its discretion to remove the billing entries explicitly related to other defendants. *See Edwards*, 897 F. Supp. at 460–61. This screening results in the removal of 9.8 hours of attorney labor and $1,368.50 of attorney fees from the present calculation.[2] Therefore, the lodestar calculation in this case results in 127.9 attorney hours producing fees of $19,956.00.

Considering the *Kerr* factors, this court finds that no further adjustment of the attorneys' fees award is needed. This court agrees with defendants that the time and labor required for this case is appropriate, particularly because it involved a motion to dismiss and a motion for summary judgment. *See* 526 F.2d at 70; (ECF Nos. 37, 56). Next, this court acknowledges the experience of defendants' attorneys that worked on this case, the relative complexity of cases brought under 42 U.S.C. § 1982, the reasonability of the fixed $150.00 and $125.00 hourly rates, and the ultimate

---

[2]  If the 2.80 hour entry for work done on November 20, 2014, is entry no. 1, then the following work entries have been removed: nos. 9–28, 31, 32, 34, 35, 39, 120, 146, and 157. (ECF No. 62 at 10–18).

success of the defendants.  (ECF Nos. 59, 62).[3]  Moreover, a consideration of the remaining *Kerr* factors do not support an adjustment to the lodestar calculation.

"A district court in cases involving 42 U.S.C. §§ 1981, 1983 or Title VII should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant."  *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).  Plaintiff indicates that he is retired, but his lack of response to the present motion inhibits the court's ability to determine the plaintiff's ability to pay the calculated sum.  (ECF No. 56-1 at 7).  Furthermore, "a district court should not refuse to award attorney's fees to a prevailing defendant under 42 U.S.C. § 1988 . . . solely on the ground of the plaintiff's financial situation."  *Miller*, 827 F.2d at 621 n.5.

**IV.    Conclusion**

In light of this court's lodestar calculation and subsequent consideration of the *Kerr* factors, defendants' motion for attorneys' fees will be granted in the sum of $19,956.00.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the present motion for attorneys' fees (ECF No. 62) be, and the same hereby is, GRANTED consistent with the foregoing.

The defendants shall prepare and submit a proposed judgment consistent with the foregoing within fourteen (14) days of the date of this order.

DATED December 27, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The "undesirability" *Kerr* factor does not apply if the motion for attorneys' fees is brought by a prevailing defendant.  *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 n.4 (9th Cir. 1987).